IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

TRACY M. HUGHES                                                                                    PLAINTIFF

vs.                                         Civil No. 6:10-cv-06075

MICHAEL J. ASTRUE                                                                               DEFENDANT
Commissioner, Social Security Administration

### MEMORANDUM OPINION

Tracy Hughes ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her applications for Disability Insurance Benefits ("DIB"), Supplemental Security Income ("SSI") and a period of disability under Titles II and XVI of the Act.  The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 5.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

### 1. Background:

Plaintiff filed her applications for DIB and SSI on January 29, 2008.  (Tr. 88-92).  Plaintiff alleged she was disabled due to hernias and gallbladder.  (Tr. 107).  Plaintiff alleged an onset date of January 1, 2006.  (Tr. 102).  These applications were denied initially and again upon

---

[1] The docket numbers for this case are referenced by the designation "ECF No."  The transcript pages for this case are referenced by the designation "Tr."

reconsideration. (Tr.46-56). Thereafter, Plaintiff requested an administrative hearing on her applications, and this hearing request was granted. (Tr. 59).

Plaintiff's administrative hearing was held on September 24, 2009, in Texarkana, Arkansas. (Tr. 20-41). Plaintiff was present and represented by Greg Giles, at this hearing. *Id.* Plaintiff, Medical Expert Dr. Sterling Emory Moore and Vocational Expert ("VE") Donald Marth testified at this hearing. *Id.* On the date of the hearing, Plaintiff was forty-six (46) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2008), and had a high school education. (Tr. 37).

On November 9, 2009, the ALJ entered an unfavorable decision denying Plaintiff's request for DIB and SSI. (Tr. 11-17). In this decision, the ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since January 1, 2006. (Tr. 13, Finding 2). The ALJ determined Plaintiff had severe impairments of status post hernia repair surgery. (Tr. 13, Finding 3). The ALJ also determined the Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments contained in the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 13, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her Residual Functional Capacity ("RFC"). (Tr. 14-16, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform a range sedentary work expect for lifting and carrying only ten (10) pounds and no climbing of ladders, ropes and scaffolds. (Tr. 14, Finding 5).

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr.16, Finding 6). The ALJ determined Plaintiff's PRW included work as a Certified Nurse's Assistant. (Tr. 16). Based upon

her RFC, the ALJ determined Plaintiff would be unable to perform this PRW. *Id.*

The ALJ then used Medical-Vocational Guidelines Rule 201.28 to reach a conclusion of "not disabled," based on Plaintiff's age, education, vocational background, and residual functional capacity. *See* 20 C.F.R. pt. 404, subpt. P, app. 2, § 201.27. (Tr. 16-17, Finding 10). The ALJ then determined Plaintiff had not been under a "disability," as defined by the Act, at any time through the date of his decision. (Tr. 17, Finding 11).

Thereafter, Plaintiff requested the Appeals Council review the ALJ's unfavorable decision. (Tr. 4). *See* 20 C.F.R. § 404.984(b)(2). On September 9, 2010 the Appeals Council declined to review this determination. (Tr. 1-3). On October 12, 2010, Plaintiff appealed the ALJ's decision to this Court. ECF No. 1. Both parties have filed appeal briefs. ECF Nos. 8,9. The parties consented to the jurisdiction of this Court on October 26, 2010. ECF No. 5.

## 2. Applicable Law:

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the

findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this

analysis is reached.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

In her appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record.  ECF No. 8 at 12-18.  Specifically, Plaintiff claims the ALJ erred (1) in evaluating her subjective complaints, (2) in evaluating her RFC, (3) in his use of the Medical-Vocational Guidelines to reach a conclusion of "not disabled.", and (4) in failing to properly develop the record.  In response, the Defendant argues the ALJ did not err in any of his findings.  ECF No. 9.  Because this Court finds the ALJ erred by applying the Medical-Vocational Guidelines, this Court will only address this issue.

If the ALJ properly determines a claimant's RFC is not significantly diminished by a nonexertional limitation, then the ALJ may rely exclusively upon the Medical-Vocational Guidelines, "(Grids)" and is not required to hear the testimony from a VE.  However, the ALJ may not apply Grids, and must hear testimony from a VE, where a claimant's RFC is significantly diminished by a nonexertional limitation.  *See McGeorge v. Barnhart,* 321 F.3d 766, 768-69 (8th Cir. 2003)

A "nonexertional limitation" is a limitation or restriction which affect a claimant's "ability to meet the demands of jobs *other than the strength demands*."  20 C.F.R. § 404.1569a(a)(emphasis added).  Nonexertional limitations include the following: (1) difficulty functioning due to pain; (2) difficulty functioning due to nervousness, anxiety, or depression; (3) difficulty maintaining attention or concentration; (4) difficulty understanding or remembering detailed instructions; (5) difficulty seeing or hearing; (6) difficulty tolerating a physical feature of a certain work setting (such as dust or fumes); or (7) difficulty performing the manipulative or postural functions of some work such as

reaching, handling, stooping, climbing, crawling, or crouching.  *See* 20 C.F.R. § 404.1569a(c)(1).

The Medical-Vocational Guidelines or "the Grids" are used to evaluate the claimant's age, education, past work experience, and RFC in order to determine whether that claimant is disabled. The Grids, however, cannot be mechanically applied in all cases.  *See Asher v. Bowen,* 837 F.2d 825, 827-28 (8th Cir. 1988).  Instead of mechanically applying the Grids, the ALJ must give special consideration to those symptoms and should hear testimony from a vocational expert in order to determine whether a claimant can perform work existing in significant numbers in the national economy.  *Id.*

In the present action, the ALJ found Plaintiff should not lift or carry over ten (10) pounds and should do no climbing of ladders, ropes and scaffolds.  (Tr. 14, Finding 5).  Such limitations are considered a non-exertional impairment, and the ALJ is required to hear and consider the testimony of a vocational expert in order properly consider such limitations.  *See Asher,* 837 F.2d at 827-28. However, despite this non-exertional impairment, the ALJ *did mechanically apply* the Grids to his disability determination.  (Tr. 16, Finding 10).  This was in error.  *See Asher,* 837 F.2d at 827-28. Despite having testimony from a VE at the hearing, the ALJ made no reference to the VE's testimony in his opinion and only applied the grids in finding Plaintiff not disabled.  *See id.*  The ALJ's failure to discuss the VE's testimony was reversible error, and this case should be reversed and remanded for further findings consistent with this opinion.[2]  *See id.*

### 4. Conclusion:

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded.  A

---

[2] Based on these findings, I do not find it necessary to reach to other points of error raised by the Plaintiff in this appeal.

judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

      **ENTERED** this **5th day of December, 2011.**

                                            /s/   Barry A. Bryant
                                            HON. BARRY A. BRYANT
                                            U.S. MAGISTRATE JUDGE